UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
———————————————————————————

DEVON C.,

                              Plaintiff,

v.                                                                    CASE # 20-cv-00122

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
———————————————————————————

APPEARANCES:                                          OF COUNSEL:

Law Offices of Kenneth Hiller, PPLC          JUSTIN M. GOLDSTEIN, ESQ.
  Counsel for Plaintiff                              KENNETH R. HILLER, ESQ.
6000 North Bailey Avenue
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.               MARIA PIA FRAGASSI
OFFICE OF REG'L GEN. COUNSEL – REGION II   SANTANGELO, ESQ.
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

**MEMORANDUM-DECISION and ORDER**

        The parties consented in accordance with a standing order to proceed before the

undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter

is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant

to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record

and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative

record is GRANTED, defendant's motion is DENIED, the decision of the Commissioner be

REVERSED, and this matter be REMANDED for further administrative proceedings consistent with this order.

## I.     RELEVANT BACKGROUND

### A.     Factual Background

Plaintiff was born on July 19, 2001 and was 15 years old, an adolescent, on the application date. (Tr. 193). Generally, plaintiff alleges disability consisting of attention deficit hyperactivity disorder (ADHD), asthma, slow learner, learning disabled, and issues with focusing and comprehending. (Tr. 194).

### B.     Procedural History

On January 17, 2017, plaintiff[1] protectively filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (Tr. 145). Plaintiff's application was initially denied, after which a timely request was made for a hearing before an Administrative Law Judge ("the ALJ"). On November 7, 2018, plaintiff and his father appeared before the ALJ, Andrew J. Soltes, Jr. (Tr. 40-87). On February 1, 2019, ALJ Soltes issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 12-35). On December 4, 2019, the Appeals Council ("AC") denied plaintiff's request for review. (Tr. 1-6). The ALJ's decision became the "final decision" of the Commissioner subject to judicial review under 42 U.S.C. § 405(g), incorporated for SSI by 42 U.S.C. § 1383(c)(3) and this action followed.

### C.     The ALJ's Decision

Generally, ALJ Soltes made the following findings of fact and conclusions of law:

> 1. The claimant was born on July 19, 2001. Therefore, he was an adolescent on January 17, 2017, the date application was filed, and is currently an adolescent (20 CFR 416.926a(g)(2)).

---

[1] At the time of application plaintiff's father commenced the action because plaintiff was a minor.

2. The claimant has not engaged in substantial gainful activity (20 CFR 416.924(b) and 416.971 et seq.).

3. The claimant has the following severe impairments: Attention deficit/hyperactivity disorder and intellectual disorder (20 CFR 416.924(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.924, 416.925 and 416.926).

5. The claimant does not have an impairment or combination of impairments that functionally equals the severity of the listings (20 CFR 416.924(d) and 416.926a).
(a) The claimant has less than marked limitation in acquiring and using information.
(b) The claimant has less than marked limitation in attending and completing tasks.
(c) The claimant has less than marked limitation in interacting and relating with others.
(d) The claimant has no limitation in moving about and manipulating objects.
(e) The claimant has less than marked limitation in the ability to care for himself.
(f) The claimant has less than marked limitation in health and physical well-being.

6. The claimant has not been disabled, as defined in the Social Security Act, since January 17, 2017, the date the application was filed (20 CFR 416.924(a)).

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

Plaintiff makes essentially three arguments in support of the motion for judgment on the pleadings. First, plaintiff argues the ALJ erred by failing to cite, discuss, or weigh a February 3, 2017 opinion from teacher Ms. Brownschidle. Second, the ALJ's functional equivalence finding is unsupported by the appropriate legal standards and substantial evidence. Third, the ALJ erred by failing to evaluate plaintiff's allegations and his father's testimony pursuant to appropriate legal standards. (Dkt. No. 7 at 1 [Pl.'s Mem. of Law]).

### B.   Defendant's Arguments

In response, defendant makes three arguments. First, defendant argues the ALJ properly evaluated responses to the teacher questionnaires. (Dkt. No. 10 at 18 [Def.'s Mem. of Law]). Second, the ALJ properly evaluated the totality of the record evidence supporting his

3

determinations. (*Id*. at 22). Third, plaintiff's argument regarding allegations and testimony is overbroad. (*Id*. at 28).

## III.    RELEVANT LEGAL STANDARD

### A.    Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.    Standard to Determine Disability

To be "disabled" within the meaning of the Act, a child must show he or she has a "medically determinable physical or mental impairment, which results in marked and severe functional limitations," and which either lasts or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(C)(I).

A three-step sequential evaluation process determines whether a supplemental security income claimant under the age of 18 is disabled. 20 C.F.R. § 416.924(a). At the first step, the ALJ determines whether the child has engaged in substantial gainful activity during the relevant period. 20 C.F.R. § 416.924(b). If so, the child is not disabled; if not, the evaluation continues to the next step. At the second step, the ALJ determines whether the child has a "severe" impairment, or combination of impairments – i.e., a slight abnormality or combination of slight abnormalities that causes more than minimal functional limitations. 20 C.F.R. § 416.924(c). If not, the ALJ denies the application; otherwise, the evaluation continues.

At step three of the sequential evaluation process, the ALJ determines whether a child's impairments meet, medically equal, or functionally equal the severity of one of the Commissioner's listed impairments (Listings). 20 C.F.R. §§ 416.924(a), (d). If not, the child is not

disabled. 20 C.F.R. § 416.924(d). As part of the step three analysis, if the ALJ finds that a child's impairments do not meet or medically equal a listed impairment, the ALJ assesses all functional limitations using six "domains" of functioning to determine whether the child's symptoms are functionally equivalent to the listed impairments. 20 C.F.R. § 416.926a. The six domains of functioning include: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). The evaluation of age-appropriate functioning within each domain focuses on the child's abilities and limitations; where the child has difficulty; the quality of any limitations; and the kind, extent, and frequency of help that the child needs. 20 C.F.R. § 416.926a(b)(2). A finding of functional equivalence occurs when a child has an "extreme" limitation in one of the six domains of functioning or "marked" limitations in at least two domains. 20 C.F.R. § 416.926a(e).[2]

## IV.    ANALYSIS

Case law in the Second Circuit holds that an ALJ should consider all relevant evidence in determining a child's functioning, including information from the child's teachers. *White o/b/o T.R.W. v. Berryhill*, 2019 WL 1367382, at *3 (W.D.N.Y. Mar. 26, 2019) (*quoting Swan v. Astrue*, 2010 WL 3211049, *6 (W.D.N.Y. 2010)*; citing Yensick v. Barnhart*, 245 F. App'x 176, 181 (3d Cir. 2007)).  Teachers are not acceptable medical sources, but the regulations assert the Agency will ask for information from teachers to describe functioning in school. *See* 20 CFR 416.926a(b)(3). Teachers are classified as "non-medical sources" and regulations explain that they

---

[2]    "Extreme" means a child has an impairment that very seriously interferes with a child's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e). "Marked" indicates that he or she has an impairment that seriously interferes with the ability for independently initiating, sustaining, or completing activities. *Id*.

are valuable sources of evidence for assessing impairment severity and functioning. *See* SSR. 06-03p, Titles II & XVI: Considering Opinions & Other Evidence from Sources Who Are Not "Acceptable Medical Sources" in Disability Claims, 2006 WL 2329939, at *3 (S.S.A. Aug. 9, 2006).

On February 3, 2017, special education teacher, Amanda Brownschidle, completed a Teacher Questionnaire indicating she worked with plaintiff in two separate classes since September 2016 for a total of 1.5 hours every school day. (Tr. 239-49). Unfortunately, the ALJ never addressed the questionnaire/opinion in his decision. Plaintiff argues this is error requiring remand because the opinion supports greater limitations in the domains. (Dkt. No. 7 at 16-18). Defendant responds the ALJ was not required to expressly state he considered the opinion and regardless of any omission, it did not harm plaintiff because it did not support greater limitations. Defendant is clearly attempting to offer post-hoc rationalizations for the ALJ's error, as presented by plaintiff is his reply brief. (Dkt. No. 11).

Defendant is correct that Ms. Brownschidle's questionnaire was cited by the State agency pediatric consultant, Dr. Stouter, however the weight accorded to Dr. Stouter's opinion by the ALJ cannot be bootstrapped to all the opinions and evidence cited in the report. The regulations state that regardless of source, each medical opinion will be evaluated, however, separate factors are to be applied depending on the source. Here the sources are vastly different and distinct factors would apply in determining weight since Dr. Stouter is a medical source and Ms. Brownschidle is an other source. *See* 20 CFR 461.927. It is the ALJ's duty to evaluate the opinion and not the reviewing state agency medical consultant. The ALJ accorded great weight to the April 2017 assessment by Dr. Stouter citing his familiarity with the Social Security disability program and totality of the evidence of record as a whole. (Tr. 93-94). As discussed above a teacher's opinion

is considered in terms of familiarity with daily functioning and longitudinal understanding of plaintiff's educational history.  An ALJ's decision generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case. SSR 06-03p, 2006 WL 2329939, at *6. In this case it is not clear if or how Ms. Brownschidle's teacher questionnaire was considered.

Dr. Stouter broadly summarized Ms. Brownschidle's questionnaire responses as no serious problems in the domains of acquiring and using information, attending and completing tasks, and caring for self. (Tr. 93-95). However, Dr. Stouter never addressed that the plaintiff's instructional levels were assessed at the 3rd and 4th grade ability while his actual grade level was 10th. (Tr. 239). Further, the format of the questionnaire used five categories for the rating of severity, none of which align with the regulation's terms of none, marked, or extreme. Rather the rating key on the form was (1) no problem, (2) a slight problem, (3) an obvious problem, (4) a serious problem, and (5) a very serious problem. While Ms. Brownschidle never indicated serious problems under the rating key, there were several obvious problems indicated and additional narrative which should have been considered.  *Smith ex rel. J.H. v. Colvin*, 935 F. Supp. 2d 496, 506 (N.D.N.Y. 2013) (holding that a finding of "less than marked limitation" was not supported by the record where claimant had "obvious problems").

Ms. Brownschidle indicated plaintiff had an obvious problem in the following areas of acquiring and using information: (1) understanding school and content vocabulary; (2) reading and comprehending written material; and (3) expressing ideas in written form. (Tr. 240). Ms. Brownschidle added that plaintiff "required on task focusing prompts during all classroom

activities. He is able to generate idea, but some may be off topic or lack analysis and appropriate detail." (Tr. 240).

In the domain of attending and completing tasks, Ms. Brownschidle marked that plaintiff had an obvious problem occurring on a daily basis in the following: (1) focusing long enough to finish assigned activity or task; (2) waiting to take turns; and (3) completing work accurately without careless mistakes. (Tr. 241). Ms. Brownschidle added that plaintiff "requires refocusing and redirection to keep him on task. This is needed more when he does not want to do the activity/assignment." (Tr. 241). *See* 20 C.F.R. § 416.926a(h)(3) (stating that repeatedly becoming sidetracked from activities, giving up on tasks, and requiring extra supervision to stay engaged are examples of "limited functioning" in this domain); *Archer ex rel. J.J.P.*, 910 F. Supp. 2d at 425 (holding that a claimant had a "marked limitation" in attending and completing tasks where the child was distracted by objects and sounds in the classroom, had a hard time attending to tasks, and required prompts to refocus).

In the domain of caring for self, Ms. Brownschidle reported plaintiff had an obvious problem occurring on a weekly basis in the following: (1) handling frustration appropriately; (2) being patient when necessary; and (3) responding appropriately to changes in own mood (e.g., calming self). (Tr. 244). Ms. Brownschidle added, "When Devon becomes frustrated, he shuts out adults and gets angry when spoken to. This is most evident when he asks to do something and is not given permission. Devon needs to develop appropriate coping skills." (Tr. 244).

Although an ALJ does not have to state on the record every item of testimony supporting his conclusion, his decision does need to afford an adequate basis for meaningful judicial review and be supported by substantial evidence. *McIntyre v Colvin*, 758 F.3d 146, 150 (2d Cir. 2014) (citations and internal quotation marks omitted). Defendant's argument that the ALJ implicitly

considered Ms. Brownschidle's assessment is unpersuasive, and the limitations identified go directly to the activities and abilities identified in the domains. Further, defendant's argument that the opinion was stale because there was an October 2018 Teacher Questionnaire that the ALJ did discuss and weigh is also unavailing. (Dkt. No. 10 at 20). The ALJ accorded great weight to the 2018 opinion because of the teacher-student relationship, which was shorter and less frequent, than the relationship with Ms. Brownschidle. Additionally, defendant's highlighting of inconsistencies between the opinions only furthers the necessity for the ALJ to properly consider all opinion evidence and resolve any conflicts.

The ALJ unquestionably did not discuss the opinion of Ms. Brownschidle which may or may not be favorable to the plaintiff. The ALJ's failure to explicitly discuss evidence undermining key findings prevents meaningful judicial review and remand is required for further administrative proceedings with adherence to the regulations. See *Cichocki v. Astrue*, 729 F.3d 172, 177-78 (2d Cir. 2013) (noting that "[r]emand may be appropriate . . . where other inadequacies in the ALJ's analysis frustrate meaningful review"); *Corchado v. Astrue*, 2008 WL 686765, *7 (W.D.N.Y. Mar. 10, 2008). On remand, the ALJ is directed to also consider all opinion evidence, including the Vanderbilt Assessment forms which were also not discussed or acknowledged in the decision. Five teachers completed Vanderbilt Assessments, which directly assess limitations in the school setting as a result of ADHD. (Tr. 552, 555-57, 561-62).

Although the ALJ did thoroughly summarize the treatment history and individualized education plan (IEP), there was an absence of meaningful analysis. Under the domains, the ALJ primarily cited sections from the IEP, form answers from a 2018 teacher questionnaire, and testimony from plaintiff's father. In three of the domains the analysis was written in a manner suggesting a greater limitation than ultimately found by the ALJ. Without any analysis however,

it is unclear how the ALJ decided the favorable evidence cited was supportive of a less than marked limitation. For example, in the domain of attending and completing tasks, the ALJ identifies that under the Social Security rules an adolescent without an impairment should be able to:

> Pay attention to increasingly longer presentations and discussions, maintain his concentration while reading textbooks, and independently plan and complete long-range academic projects. The child should also be able to organize his materials and to plan his time in order to complete school tasks and assignments. In anticipation of entering the workplace, the child should be able to maintain attention on a task for extended periods of time, and not be unduly distracted by peers or unduly distracting to them in a school or work setting (20 CFR 416.926a(h)(2)(v) and SSR 09-4p).

Additionally, the ALJ cited examples of difficulty in the attending and completing domain which included: slow to focus on or fails to complete, activities of interest; repeatedly becomes side-tracked from activities; is easily frustrated and gives up on tasks; requires extra supervision to remain in an activity; and cannot plan, manage time, or organize self in order to complete assignments. However, the following was the analysis for supporting his finding of less than marked limitation in attending and completing tasks:

> IEP dated October 11, 2017, (Exhibit 13E) indicated the claimant is diagnosed with attention deficit/hyperactivity disorder and required frequent checks for understanding and needed shortened assignments. He struggled with concentration and accuracy in all areas and struggled with staying focused on the topic at hand. He could generally follow one direction at a time.

> He needed multiple redirecting prompts to stay on task, making it essential for him to have refocusing and redirection prompts during class, in addition to a special seating arrangement located within a dose proximity the teacher. He struggled with keeping his materials organized in the appropriate class folders. Most of his homework and notes all end up together in one binder, making it difficult for him to locate materials for his classes when needed. He needed to take the time to make sure that his binders and folders remain organized. It is essential for Devon to receive support for his organizational skills.

> The teacher's questionnaire of October 18, 2018, (Exhibit  15E) indicated claimant exhibited a moderate problem focusing long enough to finish assigned activity or task, refocusing to task when necessity, organizing  his own things or school materials.  He exhibited a serious problem working without distracting  himself  or others. He was sitting at a desk  in class with  minimal distractions.

Medical treatment notes of March 2017 from Towne Garden Pediatrics, (Exhibit 5F) documents 4:00p, dose of Adderall 5mg started previous month has been extremely helpful.

Claimant's father, Mr. Carter testified claimant does not complete his homework assignments. He has concentration difficulties and does not finish tasks (testimony). For these reasons, the claimant has less than marked limitation in this domain. (Tr. 30).

Here the ALJ recited the evidence in the record with no analysis whatsoever. It is the function of the ALJ to make such findings and this Court may not substitute its findings to remedy the ALJ's omission. *Berry v. Comm'r of Soc. Sec.*, No. 3:16-CV-1513 (WBC), 2018 WL 1393784, at *4 (N.D.N.Y. Mar. 19, 2018). The ALJ referenced evidence that was directly on point with the regulation's examples of problems in the domain but he failed to explain how the evidence supports less than marked limitations instead of marked limitations. Looking to other portions of the opinion is not helpful as it also contains primarily a recitation of the evidence and boilerplate language for how evidence was considered. *See Mongeur v. Heckler,* 722 F.2d 1033, 1040 (2d Cir.1983) (per curiam) (noting that when "the evidence of record permits us to glean the rationale of an ALJ's decision, we do not require that he have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability"). Remand is therefore warranted due to this error.

As set forth above, plaintiff has identified additional reasons why he contends the ALJ's decision was not supported by substantial evidence. However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary the Court declines to reach these issues. *See, e.g., Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 U.S. Dist. LEXIS 165592, at *32 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined

remand was warranted); *Morales v. Colvin*, No. 13-CV-06844 (LGS)(DF), 2015 U.S. Dist. LEXIS 58246, at *80 (S.D.N.Y. Feb. 10, 2015) (The court need not reach additional arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand"), *adopted*, 2015 U.S. Dost. LEXIS 58203 (S.D.N.Y. May 4, 2015).

**ACCORDINGLY, it is**

      **ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 7) is **GRANTED**; and it is further

      **ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 10) is **DENIED**; and it is further

      **ORDERED** that this matter is **REMANDED**, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: June 4, 2021
Rochester, New York

*J. Gregory Wehrman*
HON. J. Gregory Wehrman
United States Magistrate Judge